JOURNAL ENTRY AND OPINION.
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Gary Workman appeals his conviction in the Cleveland Municipal Court for criminal mischief. For the following reasons, we reverse the decision of the trial court.
 {¶ 3} This case arose from allegations that defendant opened a fire hydrant and was splashing children with water.
 {¶ 4} On July 2, 2002, defendant was charged with one count of criminal mischief, in violation of C.C.O. § 623.03. On September 24, 2002, a bench trial began.
 {¶ 5} At trial, Lt. Muriel Craig of the Cleveland Police Department testified that on the afternoon of July 2, 2002, she was on patrol in the area of 978 East 76th Street in Cleveland, Ohio. She testified that she was giving that area special attention because of a complaint by the fire department that the fire hydrant on that street had been opened three times that day. She testified that 30 minutes after receiving the call from the fire department, she observed the defendant and another male standing next to the open hydrant filling pails with water, and throwing the water on each other and some children. On cross-examination, Lt. Craig testified that she did not see the defendant open the fire hydrant. She also testified that she did not find the cap to the hydrant or any tools on the defendant which could have opened the fire hydrant.
 {¶ 6} The City also called Officer William Tell of the Cleveland Police Department. He testified that he responded to the location of 978 East 76th Street to assist Lt. Craig. He testified that when he arrived at the scene, the fire hydrant was still open, that he could not find the cap to the hydrant, and the fire department had to be called to turn it off. He testified that he did not know who took the cap off the hydrant and that he did not find any tools on defendant that could have been used to open the hydrant.
 {¶ 7} For the defense, defendant testified on his own behalf. Defendant testified that on the afternoon of July 2, 2002, he was at his home, in his yard, playing with his kids in a kiddie pool. He testified that he did not open the fire hydrant. He testified that he saw a "light-skinned guy and another girl" open the hydrant. He further testified that he was not throwing pails of water on anyone, that his kids were not playing in the hydrant, and that the hydrant was spraying water all over the street.
 {¶ 8} On September 24, 2002, the trial court found defendant guilty of criminal mischief as charged in the indictment. She also stated the following in pertinent part:
 {¶ 9} "* * * there was sufficient evidence today, and with the credibility of the City's witnesses, that Mr. Workman did, in fact, throw buckets of water, and tamper with the property of another. Now, the water was coming out of the hydrant. I don't know who opened it, but he interacted with the water, and actively took part in the fire hydrant. He should have known better, and the Court makes a finding of guilt." (Tr. 26-27).
 {¶ 10} On October 16, 2002, defendant was sentenced to a $500 fine with $400 suspended, 60 days in jail, with 57 days suspended, and one year of inactive probation. Defendant appeals the verdict and raises two assignments of error.
 {¶ 11} "I. The trial court should have granted defendant-appellant's Rule 29(A) motion for acquittal as the evidence presented by the City was insufficient to support a conviction of C.C.O. 623.03, because the City failed to prove beyond a reasonable doubt that the defendant-appellant did knowingly move, deface, damage, destroy or otherwise improperly tamper with the property of another."
 {¶ 12} In his first assignment of error, defendant argues that the evidence was insufficient to support his conviction for criminal mischief. We agree.
 {¶ 13} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the prosecution. State v. Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 14} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997),78 Ohio St.3d 380, 386.
 {¶ 15} Here, defendant was charged with criminal mischief in violation of C.C.O. § 623.03, which provides that no person shall, without privilege to do so, knowingly move, deface, damage, destroy, or otherwise improperly tamper with the property of another.
 {¶ 16} At trial, the City presented no evidence that defendant, himself, performed any of the acts described in the ordinance. None of the witnesses presented by the City testified to having seen defendant open the hydrant, nor did they testify that any tools used to open the hydrant were found on defendant or his property. Rather, both Lt. Craig and Officer Tell of the Cleveland Police Department testified that they merely witnessed defendant standing next to the hydrant and playing in its stream of water. Defendant denied opening the hydrant.
 {¶ 17} Upon thorough consideration of the law as summarized above and the relevant testimony, we find that sufficient evidence was not presented from which, when viewed in a light most favorable to the prosecution, any rational trier of fact could have found that defendant tampered with the hydrant and engaged in criminal mischief. The mere fact that defendant was playing in the water, without additional evidence, is insufficient evidence to convict a defendant of the offense of criminal mischief as defined by C.C.O. § 623.03. Accordingly, we reverse defendant's conviction and enter a judgment of acquittal for defendant on the charge of criminal mischief.
 {¶ 18} This holding renders moot defendant's claim that his conviction on this charge contravenes the manifest weight of the evidence.
Judgment reversed.
TIMOTHY E. McMONAGLE, J., and ANTHONY O. CALABRESE, JR., J., concur.